Beth S. Rose, Esq.
Andrew W. Schwartz, Esq.
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Phone: (973) 643-7000
Facsimile: (973) 643-6500
*Attorneys for Defendant Amazon.com, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VESNA COLESKA,**<br><br>　　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**AMAZON.COM, INC.; UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10 (fictious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown),**<br><br>　　　　　　　　　**Defendants.** | **Civil Action No:** _____ |

## NOTICE OF REMOVAL

Defendant Amazon.com, Inc. ("Amazon"), gives notice of the removal of this civil action from the New Jersey Superior Court, Law Division, Essex County, to the United States District Court for the District of New Jersey, Newark Vicinage, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Diversity jurisdiction exists because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

## I.    INTRODUCTION

On October 7, 2024, Plaintiff Vesna Coleska filed this civil action, captioned *Coleska v. Amazon.com, Inc., et al.*, Docket No. ESX-L-0006918-24, in the New Jersey Superior Court, Law Division, Essex County (the "State Court Action"). A copy of the Summons and Complaint is attached hereto as **Exhibit A**. The Complaint asserts causes of action for (1) violation of the New Jersey Product Liability Act; (2) Negligence; and (3) Failure to Warn.

In this lawsuit, Plaintiff alleges that she suffered personal injuries from the use of a "Halloween costume" (the "Product") that she purchased through the Amazon.com store.

## II.    THIS CASE IS REMOVABLE UNDER DIVERSITY JURISDICTION

This action is removable under 28 U.S.C. § 1441 because this Court would have had original jurisdiction under 28 U.S.C. § 1332 had Plaintiff filed this action initially in federal court. Plaintiff is not a citizen of the same state as any of the defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### a.    Complete diversity exists

#### i.  Plaintiff

Plaintiff is a resident and citizen of Garfield, New Jersey. [Compl., introduction]

#### ii.  Amazon

A corporation is a citizen of its state of incorporation and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" means the "actual center of direction, control, and coordination." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). Defendant Amazon.com, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Seattle, Washington. **[Exhibit B]** Therefore, Amazon is a citizen of Delaware and Washington.

### iii.  UBCM

Defendant UBCM is a Chinese limited company formed and existing under the laws of China with its principal place of business in Yiwu City of Zhejiang Province, China. Since UBCM is an unincorporated foreign entity, this requires a determination whether the characteristics of the foreign entity are similar enough to those of a U.S. corporation to make "corporation" the correct translation into English for purposes of assessing the citizenship of that entity. *See Hoagland ex rel. Midwest Transit, Inc. v. Sandberg, Phoenix & von Gontard, P.C.*, 385 F.3d 737, 743 (7th Cir. 2004). In this case, UBCM is akin to a U.S. corporation for purposes of assessing diversity jurisdiction under 28 U.S.C. § 1332 due to the alienability of its shares and its shareholder structure. *See Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equipment Co. Ltd.*, 759 F.3d 787, 788 (7th Cir. 2014). In addition, "limited companies" formed under Chinese law are treated as corporations for purposes of determining citizenship under 28 U.S.C. § 1332(c)(1). *See Shanshan Shao v. Beta Pharma, Inc.*, 2018 U.S. Dist. LEXIS 65735, at *9 (D.Ct. Apr. 19, 2018). Accordingly, UBCM is a citizen of China.

*                    *                    *

As explained more fully above, Plaintiff is a citizen of New Jersey and defendants are citizens of China, Delaware, and Washington. Accordingly, because Plaintiff is a citizen of a different state than each of the defendants, complete diversity exists.

### b.  The amount in controversy exceeds $75,000

Under 28 U.S.C. § 1446(c)(2)(B), removal is appropriate if the court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000. Together with the Complaint, Plaintiff filed and served a Statement of Damages in which Plaintiff claims damages in the amount of $1 million. [**Exhibit C.**]

3

Further, even absent the Statement of Damages, the $75,000 jurisdictional amount is met unless it is a legal certainty that Plaintiff cannot recover the jurisdictional minimum. *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007). Here, the Complaint alleges that Plaintiff was "caused to suffer serious and permanent personal injuries. She has suffered and will in the future suffer great pain, she has and will in the future be forced to incur medical expenses; and she has and will in the future be unable to pursue her normal daily activities as before." [Compl., First Count, ¶ 7.] Thus, the preponderance of the evidence further demonstrates that the matter in controversy exceeds $75,000 as Plaintiff claims "serious and permanent" injuries. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014) (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and "should be accepted when not contested by the plaintiff or questioned by the court"); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("[T]he amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated"); *Fields v. Zubkov*, 2008 WL 4447098, at *4 (D.N.J. Sept. 26, 2008) ("[M]ost removed personal injury cases will likely remain in federal court even if they involve a very minor injury—unless the plaintiff limits her damages below the jurisdictional limit.")

Based on the Statement of Damages and because it cannot be said to a legal certainty that Plaintiff's recovery will not exceed the jurisdictional minimum, removal is appropriate in this case.

## III.   SERVICE OF COMPLAINT AND TIMELINESS OF REMOVAL

Amazon was served with the Summons and Complaint on January 15, 2025, the date on which it received a copy of Complaint through service on its registered agent, Corporation Service Company ("CSC"). This Notice of Removal is being filed within 30 days of Amazon being served

4

with the Summons and Complaint. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

## IV.    VENUE OF REMOVED ACTION

The United States District Court for the District of New Jersey, Newark Vicinage, is the United States District Court and vicinage embracing the New Jersey Superior Court, Essex County, where this action was filed and is pending. Therefore, venue is proper in the United States District Court for the District of New Jersey, Newark Vicinage, under 28 U.S.C. § 1441(a).

## V.    NOTICE TO OTHER PARTIES AND THE STATE COURT

As of the date hereof, Plaintiff has not filed an Affidavit of Service relating to any of the other defendants in the State Court Action. Since UBCM has not been served, Amazon does not require its consent to remove this matter under 28 U.S.C. § 1446(b)(2)(A).

A copy of this Notice of Removal is being contemporaneously served on Plaintiff and filed with the New Jersey Superior Court, Law Division, Essex County, where this case was originally filed and is currently pending.

## VI.    NON-WAIVER OF DEFENSES

Amazon expressly reserves all of its defenses. By removing the action to this Court, Amazon does not waive any rights or defenses available under federal or state law. Amazon reserves the right to move for dismissal of the Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim against Amazon or have any substantive merit.

Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

5

WHEREFORE, Defendant Amazon respectfully requests that this action be removed to the United States District Court for the District of New Jersey, Newark Vicinage, and that no further proceedings be held in the New Jersey Superior Court, Law Division, Essex County.

Dated: February 13, 2025

Respectfully submitted,

Beth S. Rose
Andrew W. Schwartz
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973)643-7000
Facsimile: (973)643-6500
brose@sillscummis.com
aschwartz@sillscummis.com

*Attorneys for Defendant Amazon.com, Inc.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2025, I caused a copy of Defendant Amazon's Notice

of Removal to be served via e-mail on the following counsel:

> Peter J. De Frank, Esq.
> De Frank Law Group, LLC
> 986 McBride Avenue
> Woodland Park, New Jersey 07424

I certify that the foregoing statements made by me are true. I am aware that if any of the

foregoing statements made by me are willfully false I am subject to punishment.

ANDREW W. SCHWARTZ

Dated: February 13, 2025

7

# EXHIBIT A

**DE FRANK LAW GROUP, LLC.**
**PETER J. DE FRANK, ESQ. – 035282007**
**986 McBride Avenue**
**Woodland Park, New Jersey 07424**
**Tel. (973) 404-7500**
**Fax. (973) 238-5123**
**ecourts@defranklawgroup.com**
*Attorneys for Plaintiff*

| | |
|---|---|
| **VESNA COLESKA,**<br><br>*Plaintiff,*<br><br>v.<br><br>**AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown)**<br><br>*Defendant(s).* | **SUPERIOR COURT OF NEW JERSEY LAW DIVISION: ESSEX COUNTY**<br><br>**DOCKET NO.: ESX-L-6918-24**<br><br>*Civil Action*<br><br>**SUMMONS** |

FROM THE STATE OF NEW JERSEY TO THE DEFENDANT(S) NAMED ABOVE:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, New Jersey 08625. A $175.00 (Law Division) or $175.00 (Chancery Division) filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights, you must file and serve a written answer or motion (with the fee and completed Case Information Statement) if you want the Court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services Office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: January 9, 2025

/s/ Michelle M. Smith
Michelle M. Smith
Clerk of the Superior Court

Name and Address of Defendant
to be served:

**Amazon
c/o Corp Services Co.
100 Charles Ewing Blvd.
Princeton So. Corp. Center
Ewing, NJ 08628**

**DE FRANK LAW GROUP, LLC**
**PETER DE FRANK, ESQ. – 035282007**
**986 McBride Avenue**
**Woodland Park, New Jersey 07424**
**Tel. (973) 404-7500**
**Fax. (973) 238-5123**
ecourts@defranklawgroup.com
*Attorneys for Plaintiff*

| | |
|---|---|
| VESNA COLESKA,<br><br>   *Plaintiff,*<br><br> v.<br><br>AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown),<br><br>   *Defendant(s).* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO.:ESX-L-<br><br>*Civil Action*<br><br>PRODUCT LIABILITY COMPLAINT, DEMAND FOR TRIAL BY JURY, DESIGNATION OF TRIAL ATTORNEY, DEMAND FOR ANSWERS TO INTERROGATORIES; NOTICE TO PRODUCE |

Plaintiff **VESNA COLESKA**, residing in Garfield, New Jersey by way of Complaint against the Defendants, says:

**FIRST COUNT**

1. At all relevant times, Defendants **AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown)**, designed, manufactured, created, distributed, marketed, produced, inspected, packaged and/or sold a

Halloween costume, that was/were inappropriate for its intended use including, but not limited to, a product with inadequate design, insufficient warnings, inadequate warnings, inadequate instructions, and inadequate safety features.

2.      On or about October 31, 2022, Plaintiff **VESNA COLESKA**, was caused to be injured when the aforementioned Halloween costume failed and/or did not work properly and/or was not fit for its intended use due to the negligence, carelessness, and/or recklessness of the Defendants **AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown).**

3.      At all relevant times, **DEFENDANTS AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown),** violated the New Jersey Product Liability Act in that it designed, manufactured, created, distributed, marketed, produced, inspected, packaged and/or sold a defective product that was inappropriate for its intended use including, but not limited to, a product with inadequate design, insufficient warnings, inadequate instructions, and inadequate safety features.

4.      At all relevant times, the conduct of **DEFENDANTS AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities**

are unknown), **DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown),** as aforesaid, violated the **New Jersey Product Liability Act, N.J.S.A. 2A:58C-1,** et seq, as it relates to the subject Halloween Costume.

5.    Defendants **AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown),** are strictly liable to Plaintiff **VESNA COLESKA.**

6.    At all relevant times, **DEFENDANTS AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown),** failed to provide adequate warnings and/or conduct adequate testing.

7.    As the direct and proximate result of the violation of the NEW JERSEY Product Liability Act, as aforesaid, by Defendants **AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown),** Plaintiff **VESNA COLESKA** was/were caused to suffer serious and permanent personal injuries.  She has suffered

and will in the future suffer great pain, she has and will in the future be forced to incur medical expenses; and she has and will in the future be unable to pursue her normal daily activities as before.

WHEREFORE, Plaintiff, demands judgment against the **DEFENDANTS AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown),** jointly, severally or in the alternative in the amount of his damages together with interest and costs of suit.

### SECOND COUNT

1. Plaintiff repeats and re-alleges each and every allegation of the **FIRST COUNT** herein and makes the same a part hereof.

2. At all relevant times **DEFENDANTS AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown),** negligently, carelessly, and/or recklessly designed, manufactured, created, distributed, marketed, produced, inspected, packaged and/or sold a defective product that was inappropriate for its intended use.

3. At all relevant times, **DEFENDANTS AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF**

**COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown),** negligently, carelessly, and/or recklessly designed, manufactured, created, distributed, marketed, produced, inspected, packaged and/or sold a defective product such as the aforementioned Halloween Costume.

4.      As the direct and proximate result of the violation of the NEW JERSEY Product Liability Act, as aforesaid, by **DEFENDANTS AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown), PLAINTIFF VESNA COLESKA** was/were caused to suffer serious and permanent personal injuries. She has suffered and will in the future suffer great pain, she has and will in the future be forced to incur medical expenses; and she has and will in the future be unable to pursue her normal daily activities as before.

**WHEREFORE,** Plaintiff demands judgment against the **DEFENDANTS AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown),** jointly, severally or in the alternative in the amount of his damages together with interest and costs of suit.

**THIRD COUNT**

1. Plaintiff repeats and re-alleges each and every allegation of the **PREVIOUS COUNTS** herein and makes the same a part hereof.

2. Defendants **AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown)**, designed, manufactured, created, distributed, marketed, produced, inspected, packaged and/or sold a Halloween Costume and placed them into the stream of commerce in a defective and unreasonably dangerous condition such that the foreseeable risks exceeded the benefits associated with the design and/or formulation of the product(s).

3. At all relevant times, the Halloween Costume, designed, manufactured, created, distributed, marketed, produced, inspected, packaged and/or sold by Defendants **AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown)**, were defective, inadequate, and/or insufficient for its intended use due to inadequate/insufficient warnings and/or instructions, after Defendants **AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is**

**unknown),** knew or should have known of the risk of injury from their Halloween Costume , they failed to provided adequate and/or sufficient warnings.

4. The defective, inadequate, and/or insufficient warnings and/or labeling on the Halloween Costume were substantial factors in bringing about the injuries of the Plaintiff **VESNA COLESKA.**

5. As a direct and proximate cause of the defective, inadequate, and/or insufficient condition of the Halloween Costume as designed, manufactured, created, distributed, marketed, produced, inspected, packaged and/or sold by Defendants **AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown),** and Defendants **AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown)** failure to warn, and their negligence, carelessness, and/or recklessness, Plaintiff **VESNA COLESKA** was/were caused to suffer serious and permanent personal injuries. She has suffered and will in the future suffer great pain, she has and will in the future be forced to incur medical expenses; and she has and will in the future be unable to pursue her normal daily activities as before.

**WHEREFORE,** Plaintiff demands judgment against the **DEFENDANTS AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is**

unknown), **JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown),** jointly, severally or in the alternative in the amount of his damages together with interest and costs of suit.

<u>FOURTH COUNT</u>

1. Plaintiff repeats and realleges each and every paragraph of the Previous Counts and makes the same a part of hereof by reference thereto.

2. At all relevant times herein, Defendants **AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown),** individually, and/or through their agents, servants and/or employees, distributed, produced, manufactured, created, and/or placed into the stream of commerce the aforementioned product, that should have carried express warranties of fitness for the particular purpose for which they were designed, constructed, distributed, produced and/or manufactured.

3. The aforesaid Defendants **AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown),** negligently, carelessly

and/or recklessly breached said warranties in the manner in which said product was defectively designed, produced, constructed, distributed, and/or manufactured, a product as aforesaid.

4.    The aforesaid Defendants **AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown),** negligently, carelessly and/or recklessly breached said warranties in failing to provide adequate warnings.

5.    As a direct and proximate cause of the negligence, carelessness and/or recklessness of the defendants, as aforesaid, Plaintiff suffered serious and permanent injuries.

6.    At all relevant times, the aforesaid defendants are liable for the aforesaid incident based upon the theory of strict liability in tort pursuant to the New Jersey Products Liability Act, N.J.S.A 2A:58C-1, *et seq.*

7.    As a direct and proximate result of said injuries, Plaintiff has and will in future experience great pain, suffering, scarring, disabilities, impairments and loss of enjoyment of life. Plaintiff has and will in future be forced to expand large sums of money for medical care and attention. Plaintiff has and will in future be unable to pursue her normal activities of daily living as before.

**WHEREFORE,** Plaintiff demands judgment against the Defendants **AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is**

**unknown),** either jointly, severally or in the alternative, for damages together with interest and costs of suit.

**DE FRANK LAW GROUP, LLC.**
*Attorneys for Plaintiff*

*/s/Peter De Frank*

Dated: October 7, 2024        BY: _____

**PETER DE FRANK, ESQ.**

## JURY DEMAND

Pursuant to R. 1:8-2(b), Plaintiff hereby demands a Trial by Jury on all the issues raised in the within Pleadings.

DE FRANK LAW GROUP, LLC.
*Attorneys for Plaintiff*

*/s/Peter De Frank*

Dated: October 7, 2024                          BY: _____
                                                    **PETER DE FRANK, ESQ.**

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, **PETER J. DE FRANK**, is designated as trial counsel.

## TIME UNIT RULE

Plaintiff(s) intend to use the Time Unit Rule Pursuant to R. 1:7-1(b).

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any Court or of a pending arbitration proceeding, nor is any such action or proceeding presently contemplated.

DE FRANK LAW GROUP, LLC.
*Attorneys for Plaintiff*

*/s/Peter De Frank*

Dated: October 7, 2024                          BY: _____
                                                    **PETER DE FRANK, ESQ.**

**DE FRANK LAW GROUP, LLC**
**PETER DE FRANK, ESQ. – 035282007**
**986 McBride Avenue**
**Woodland Park, New Jersey 07424**
**Tel. (973) 404-7500**
**Fax. (973) 238-5123**
**ecourts@defranklawgroup.com**
*Attorneys for Plaintiff*

| | |
|---|---|
| VESNA COLESKA,<br><br>*Plaintiff,*<br><br>v.<br><br>AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown),<br><br>*Defendant(s).* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO.:ESX-L-<br><br>*Civil Action*<br><br>**DEMAND FOR THE DISCOVERY OF INSURANCE COVERAGE** |

Pursuant to R. 4:10-2(b), demand is hereby made that the Defendants, disclose to the undersigned whether there are any insurance agreements or policies under which any person of firm carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. This request applies also to information regarding excess, umbrella or other supplemental insurance policies available to each Defendant.

DE FRANK LAW GROUP, LLC.
*Attorneys for Plaintiff*

*/s/Peter De Frank*

Dated: October 7, 2024                    BY: _____
                                         **PETER DE FRANK, ESQ.**

**DE FRANK LAW GROUP, LLC**
**PETER DE FRANK, ESQ. – 035282007**
**986 McBride Avenue**
**Woodland Park, New Jersey 07424**
**Tel. (973) 404-7500**
**Fax. (973) 238-5123**
ecourts@defranklawgroup.com
*Attorneys for Plaintiff*

| | |
|---|---|
| VESNA COLESKA,<br><br>*Plaintiff,*<br><br>v.<br><br>AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown),<br><br>*Defendant(s).* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO.:ESX-L-<br><br>*Civil Action*<br><br>**DEMAND FOR THE PRODUCTION OF STATEMENTS** |

Pursuant to R. 4:10-2(c), demand is hereby made that the Defendants, disclose to the defendants provide the attorney filing this pleading with true and complete copies of any and all statements by any and all parties, witnesses, and persons with knowledge regarding the subject matter of this case. If your claim is of "privilege," your response must still identify the date of the statement, the individuals providing and receiving the statement, and the reason you assert that the statement is privileged. This includes oral and written statements.

**DE FRANK LAW GROUP, LLC.**
*Attorneys for Plaintiff*

*/s/Peter De Frank*
Dated: October 7, 2024                     BY: _____
                                                          **PETER DE FRANK, ESQ.**

**DE FRANK LAW GROUP, LLC**
**PETER DE FRANK, ESQ. – 035282007**
**986 McBride Avenue**
**Woodland Park, New Jersey 07424**
**Tel. (973) 404-7500**
**Fax. (973) 238-5123**
ecourts@defranklawgroup.com
*Attorneys for Plaintiff*

| | |
|---|---|
| VESNA COLESKA,<br><br>*Plaintiff,*<br><br>v.<br><br>AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown),<br><br>*Defendant(s).* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO.:ESX-L-<br><br>*Civil Action*<br><br>**STATEMENT OF DAMAGES** |

Pursuant to R. 4:5-2 the following is the amount of damages claimed in the above entitled action:

**$1,000,000.00**

**DE FRANK LAW GROUP, LLC.**
*Attorneys for Plaintiff*

*/s/Peter De Frank*

Dated: October 7, 2024            BY: _____
                                       **PETER DE FRANK, ESQ.**

## DEMAND FOR ANSWERS TO UNIFORM AND SUPPLEMENTAL

## INTERROGATORIES

**PLEASE TAKE NOTICE** that pursuant to Rule 4:17-1(b)(ii)(2), Plaintiff hereby demands answers to **Uniform Interrogatories Form C, Form C(1), and Form C(4)** within sixty (60) days of the filing of Defendant's Answer to this Complaint.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Rule 4:17-1(b)(i)(1) and Rule 4:17-2, Plaintiff hereby demands answers to the attached **Supplemental Interrogatories** within sixty (60) days of the filing of Defendant's Answer to this Complaint.

**DE FRANK LAW GROUP, LLC**
**PETER DE FRANK, ESQ. – 035282007**
**986 McBride Avenue**
**Woodland Park, New Jersey 07424**
**Tel. (973) 404-7500**
**Fax. (973) 238-5123**
**ecourts@defranklawgroup.com**
*Attorneys for Plaintiff*

| | |
|---|---|
| VESNA COLESKA,<br><br>*Plaintiff,*<br><br>v.<br><br>AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown),<br><br>*Defendant(s).* | **SUPERIOR COURT OF NEW JERSEY**<br>**LAW DIVISION: ESSEX COUNTY**<br><br>**DOCKET NO.:ESX-L-**<br><br>*Civil Action*<br><br><br>**NOTICE TO PRODUCE** |

## DEFINITIONS AND INSTRUCTIONS

1.      The term "plaintiff" or "plaintiffs" refers to each plaintiff in this action include a personal representative, the term "plaintiff" refers to the decedent represented.

2.      The term "documents" means all writings of any kind, including the originals, all copies, and all non-identical copies, whether different from the original by reason of any notation made on such copies, or otherwise, and includes, without limitation, agenda, announcements, photographs, audit sheets, agreements, accountant's worksheets, bids, bills, books, brochures, bulletins, contracts, communications, computer print-outs, correspondence, checks, charts, diaries, drafts, estimates, graphs, inter and intra-office communications, invoices, letters, memoranda, manuals, minutes or summaries of meeting, MAG cards, MTST tapes, floppy disks, notes, notations of telephone calls, offers, proposals, prospectuses, returns, resolutions, statements (including without limitation, checking accounts, savings accounts, certified and uncertified financial) sketches, schedules, studies, statistics, stenographic notes, summaries, tabulations, tax returns (including without limitation federal, state and local tax returns, federal and state gift tax returns and federal and state estate tax returns), telephone call slips, telegrams, telexes, teletypes, worksheets, periodicals, drawings, accounting journals, purchase orders, inventory records or cards, traveling requisitions and bills of lading.

ESX-L-006918-24   10/07/2024 6:05:55 PM   Pg 17 of 20   Trans ID: LCV20242582127

3.      The term "document" includes all drafts' alterations, modifications, changes and amendments of any of the items listed in Paragraph 2, and includes graphic or oral records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motions pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation tapes, cassettes, discs, recordings).

4.      The term "documents" refers to all items set forth in Paragraphs 2 and 3 above, known to or in the possession, custody of the recipient of this notice or subpoena, or any of its officers, directors, agents, attorneys, servants, employees or representatives, and every such documents which can be located or discovered by reasonably diligent efforts.

5.      The term "defendant" means any and all defendants in the within action. Note, however, that in responding to the within request, plaintiffs should indicate to which of the specific plaintiffs the documents relate.

6.      This request is continuing request throughout the course of the litigation of the above-captioned matter. Accordingly, if at any time information requested herein becomes known to defendants such information is to be forwarded to counsel for this plaintiff.

7.      Defendants are to respond separately, within thirty days, to each paragraph of this request.

## DOCUMENTS REQUESTED

1.      Any and all statements made by any party to this lawsuit, their agents, representatives or employees, whether written or oral.  If you are claiming a privilege, please state so specifically.  Nonetheless, the existence of a statement, including the date taken must be provided.

* If you claim privileged, you must state so specifically.  Your answer must still identify the existence of any and all statements, including the date of the statement, the individuals making said statement(s), and individuals present for said statement.

2.      Any and all oral and written statements made by any witnesses to the events described in any and all of the paragraphs of the cause of action.

* If you claim privileged, you must state so specifically.  Your answer must still identify the existence of any and all statements, including the date of the statement, the individuals making said statement(s), and individuals present for said statement.

3.      Any and all statements made by any person other than witnesses or parties which relate or refer in any way to the cause of action.

* If you claim privileged, you must state so specifically.  Your answer must still identify the existence of any and all statements, including the date of the statement, the individuals making said statement(s), and individuals present for said statement.

4.      Any and all written reports rendered by plaintiff (s) and defendant (s) proposed expert witnesses, including, but not limited to any medical expert witnesses intended or not intended to be called at the time of trial.

5.      Any and all books, treaties, commentaries, reports, statutes, codes, ordinances, rules, regulations or other published documents referred to and utilized by or relied upon by any expert witness whom defendants intend to call at trial.

6.      Any and all blue prints, charts diagrams, drawings, graphs, maps, plats, plans, photographs, models or other visual reproductions of any object, place or thing prepared or utilized by, referred to or relied upon by any expert witnesses whom defendants intend to call at time of trial.

7.      A copy of any and all written report or summaries of oral reports, as well as copies of the curriculum vitae, of any and all experts that have been supplied to plaintiff's and defendant's attorneys, whose testimony will be offered at time of the Trial in the above captioned matter.
8.      All liability experts' reports.

9.      Any documents obtained from any party or any of its agencies, branches or subdivisions.

10.    Copies of any statements obtained from any witnesses, any party, any party's investigators, agents, servants, or employees; if oral, a complete summary of same.

11.    Copies of all interrogatories exchanged by the parties.

12.    Copies of all depositions conducted in the case.

13.    Copies of all Requests for Admissions and responses exchanged.

14.    Copies of any Demands to Produce and responses exchanged.

15.    Copies of all Court Orders.

16.    Copies of any scheduling notice in this matter.

17.    If amended pleadings have been filed, copies of all original pleadings.

18.    Provide a detailed summary and/or provide any supporting documents relating to or demonstrating all insurance benefits available to the defendant as a result of this incident together with a summary of benefits paid to date.

19.    Provide a copy of any and all videotape recordings, photographs, films, visual reproductions of the plaintiff or any object, place or thing made in connection with this matter.

20.    Copies of any and all reports, memos, logs, and minutes generated from investigations of the incident that forms the basis for Plaintiff's Complaint.

21.    Copies of any and all documents, guidebooks, manuals, handbooks, videos, and/or training modules/materials in effect on the date of the incident including, but not limited to, contracts and correspondences regarding, including but not limited to, safety/use guides for the costume set forth in Plaintiff's Complaint.

22.    Copies of any and all investigation reports regarding the present matter.

23.    Copies of any and all documents, guidebooks, manuals, handbooks, videos, and/or training modules/materials that at all relate to installation, upkeep, maintenance and/or repair of Defendants' products that were in place, effective, and/or in circulation at the time of the incident.

24.    Copies of any and all correspondence between the parties, its agents, servants, and employees to any other defendant in the matter regarding the upkeep, maintenance and/or repair of Defendants' products that were in place, effective, and/or in circulation at the time of the incident. and/or repair of Defendants' products for the Halloween Costume in this incident.

25.    Copies of any and all documents, including correspondence(s) and invoice(s) between the parties regarding upkeep, maintenance, and/or repairs of the Defendants' products within the last five (5) years.

**DE FRANK LAW GROUP, LLC.**
*Attorneys for Plaintiff*

Dated: October 7, 2024

*/s/Peter De Frank*

BY: _____

**PETER DE FRANK, ESQ.**

# Civil Case Information Statement

## Case Details: ESSEX | Civil Part Docket# L-006918-24

**Case Caption:** COLESKA VESNA  VS AMAZON.COM, INC

**Case Initiation Date:** 10/07/2024

**Attorney Name:** PETER JOSEPH DE FRANK

**Firm Name:** DE FRANK LAW GROUP, LLC.

**Address:** 986 MCBRIDE AVE

WOODLAND PARK NJ 07424

**Phone:** 9734047500

**Name of Party:** PLAINTIFF : COLESKA, VESNA

**Name of Defendant's Primary Insurance Company**

(if known): Unknown

**Case Type:** PRODUCT LIABILITY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**   ·

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Does this case involve claims related to COVID-19?** NO

**Are sexual abuse claims alleged by:** VESNA COLESKA? NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
**If yes, for what language:**


**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO
**Medical Debt Claim?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

10/07/2024
Dated

/s/ PETER JOSEPH DE FRANK
Signed

# EXHIBIT B

# UNITED STATES
# SECURITIES AND EXCHANGE COMMISSION

**Washington, D.C. 20549**

## FORM 10-K

**(Mark One)**

☒   **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

**For the fiscal year ended December 31, 2023**

**or**

☐   **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

**For the transition period from          to          .**

**Commission File No. 000-22513**

# AMAZON.COM, INC.

**(Exact name of registrant as specified in its charter)**

| | |
|---|---|
| **Delaware** | **91-1646860** |
| **(State or other jurisdiction of incorporation or organization)** | **(I.R.S. Employer Identification No.)** |

**410 Terry Avenue North**
**Seattle, Washington 98109-5210**
**(206) 266-1000**
**(Address and telephone number, including area code, of registrant's principal executive offices)**

**Securities registered pursuant to Section 12(b) of the Act:**

| Title of Each Class | Trading Symbol(s) | Name of Each Exchange on Which Registered |
|---|---|---|
| Common Stock, par value $.01 per share | AMZN | Nasdaq Global Select Market |

**Securities registered pursuant to Section 12(g) of the Act:**
**None**

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.   Yes ☒   No ☐

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Exchange Act.   Yes ☐   No ☒

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.   Yes ☒   No ☐

Indicate by check mark whether the registrant has submitted electronically every Interactive Data File required to be submitted pursuant to Rule 405 of Regulation S-T during the preceding 12 months (or for such shorter period that the registrant was required to submit such files).   Yes ☒   No ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, a smaller reporting company, or an emerging growth company. See the definitions of "large accelerated filer," "accelerated filer," "smaller reporting company," and "emerging growth company" in Rule 12b-2 of the Exchange Act.

| | | | |
|---|---|---|---|
| Large accelerated filer | ☒ | Accelerated filer | ☐ |
| Non-accelerated filer | ☐ | Smaller reporting company | ☐ |
| | | Emerging growth company | ☐ |

If an emerging growth company, indicate by check mark if the registrant has elected not to use the extended transition period for complying with any new or revised financial accounting standards provided pursuant to Section 13(a) of the Exchange Act. ☐

Indicate by check mark whether the registrant has filed a report on and attestation to its management's assessment of the effectiveness of its internal control over financial reporting under Section 404(b) of the Sarbanes-Oxley Act (15 U.S.C. 7262(b)) by the registered public accounting firm that prepared or issued its audit report. ☒

If securities are registered pursuant to Section 12(b) of the Exchange Act, indicate by check mark whether the financial statements of the registrant included in the filing reflect the correction of an error to previously issued financial statements. ☐

Indicate by check mark whether any of those error corrections are restatements that required a recovery analysis of incentive-based compensation received by any of the registrant's executive officers during the relevant recovery period pursuant to §240.10D-1(b). ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act).   Yes ☐   No ☒

| | | |
|---|---|---|
| Aggregate market value of voting stock held by non-affiliates of the registrant as of June 30, 2023 | $ | 1,183,684,965,587 |
| Number of shares of common stock outstanding as of January 24, 2024 | | 10,387,381,291 |

**DOCUMENTS INCORPORATED BY REFERENCE**

The information required by Part III of this Report, to the extent not set forth herein, is incorporated herein by reference from the registrant's definitive proxy statement relating to the Annual Meeting of Shareholders to be held in 2024, which definitive proxy statement shall be filed with the Securities and Exchange Commission within 120 days after the end of the fiscal year to which this Report relates.

# EXHIBIT C

**DE FRANK LAW GROUP, LLC**
**PETER DE FRANK, ESQ. – 035282007**
986 McBride Avenue
Woodland Park, New Jersey 07424
Tel. (973) 404-7500
Fax. (973) 238-5123
ecourts@defranklawgroup.com
*Attorneys for Plaintiff*

| | |
|---|---|
| VESNA COLESKA,<br><br>*Plaintiff,*<br><br>v.<br><br>AMAZON.COM, INC, UBCM, JOHN DOES 1-10 (fictitious names as identity is unknown), JANE DOES 1-10, (fictitious names as identity is unknown), ABC CORPS. 1-10 (fictitious names as entities are unknown), DEF COSTUME MANUFACTURERS 1-10 (fictitious names as identity is unknown), XYZ COSTUME DISTRIBUTORS 1-10 (fictitious names as identity is unknown),<br><br>*Defendant(s).* | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: ESSEX COUNTY<br><br>DOCKET NO.:ESX-L-<br><br>*Civil Action*<br><br>**STATEMENT OF DAMAGES** |

Pursuant to R. 4:5-2 the following is the amount of damages claimed in the above entitled action:

**$1,000,000.00**

> **DE FRANK LAW GROUP, LLC.**
> *Attorneys for Plaintiff*
>
> */s/Peter De Frank*

Dated: October 7, 2024          BY: _____
                                           **PETER DE FRANK, ESQ.**